IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CLAYTON CARROLL OWENBY, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> CORRECTIONS CORPORATION OF ) <br> AMERICA, ET AL., ) <br> ) <br> Defendants. ) <br> ) | No. 14-1242-JDT-egb |

ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT
AND GRANTING LEAVE TO AMEND

On September 18, 2014, Plaintiff, Clayton Carroll Owenby, Jr., Tennessee Department of Correction ("TDOC") prisoner number 124647, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)[1] After Plaintiff filed the necessary documentation (ECF No. 4), the Court issued an order on September 29, 2014, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The Clerk shall record the Defendants as the Corrections Corporation of America ("CCA"), which operates the HCCF,[2] and the TDOC.

---

[1] To prevent any confusion in the delivery of Plaintiff's mail, the Clerk is directed to remove his federal Bureau of Prisons register number, 45786-074, from his address of record.

[2] The Court construes the allegations against the HCCF as an attempt to state a claim against CCA.

The complaint alleges that, since his arrest on January 23, 2013, Plaintiff has suffered from chronic pain from multiple slipped discs in his lower and middle back and in his neck. He allegedly has bone spurs on his spine, arthritis and shingles and has had fifteen surgeries on both ears. According to Plaintiff, he has lost more of his hearing due to medical neglect. He has vomited from severe pain and his legs have gone numb. (ECF No. 1 at PageID 4.) Plaintiff alleges that doctors and nurses at the HCCF have told him that there is nothing wrong with him or that there is nothing they can do for him. They have merely prescribed Tylenol and told Plaintiff to have a nice day. (*Id.*) The medical staff refuses to obtain Plaintiff's medical records. (*Id.*)

When Plaintiff was arrested on January 23, 2013, an agent with the Tennessee Bureau of Investigation took his walking cane. Plaintiff allegedly needs to use a cane because his legs go numb, causing him to fall. To date, he has not been provided with a cane. (ECF No. 1-1 at PageID 7.)[3]

After several months in federal custody, Plaintiff arrived at the HCCF on December 20, 2013. Since his arrival, Plaintiff allegedly has been in severe pain. He has filled out many sick call forms. Plaintiff was seen by nurses and, on two occasions, by a doctor. The medical staff allegedly have told him there is nothing they can do. Plaintiff has filed grievances about his back and his ear problems, but nothing has been done for him. (*Id.* at PageID 9.)

Plaintiff has been held in protective custody since July 3, 2014, because gang members have extorted him for money that he does not have. While in segregation, Plaintiff must go up and down stairs in order to go to recreation and to take showers. Plaintiff told various sergeants and

---

[3] The Court has omitted the allegations about the conditions at the Greenville Jail, the Washington County Jail and his treatment while in federal custody in Tennessee and elsewhere because they do not relate to his claims against the named defendants.

correctional officers, none of whom are parties to this action, about his difficulty climbing stairs. The medical department has issued an "AVO"[4] that Plaintiff be housed in a bottom bunk on a ground floor, but that AVO has not been honored. Plaintiff states that he needs pain medication and medication for his nerve damage, but is only being prescribed Tylenol. (*Id.* at PageID 10.)

Plaintiff further alleges that his right of access to the courts has been infringed because he did not have legal assistance to prepare his complaint. Plaintiff was assisted by his cellmate, who is not an attorney. Plaintiff allegedly suffers from diminished capacity, bipolar disorder, personality disorder and depression. He also has a learning disorder. Plaintiff has learned to hide his disabilities and, consequently, many people do not know that he has these problems. Plaintiff has spoken to the mental health doctors and the medical doctors about these matters. (*Id.* at PageID 12.)

Plaintiff seeks money damages and credit toward his state and federal sentences. (ECF No. 1 at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v.*

---

[4] The complaint does not define this term.

*Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt

4

from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.[5] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

---

[5] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or
(continued...)

Plaintiff cannot sue the TDOC under § 1983. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the Court DISMISSES Plaintiff's claims against the TDOC pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

---

⁵(...continued)
omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The complaint does not allege a viable claim against CCA, which operates the HCCF.[6]  "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983).  The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *Street*, 102 F.3d at 817-18.  CCA "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  Instead, to prevail on a § 1983 claim against CCA, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.*

The complaint does not allege that Plaintiff suffered any injury because of conditions attributable to an unconstitutional policy or custom of CCA, rather than from the misfeasance or nonfeasance of individuals employed at the prison.

The complaint does not adequately allege a claim for the denial of Plaintiff's right of access to the courts.  The First Amendment includes the right "to petition the Government for a redress of grievances," U.S. Const., amend. I, which is made applicable to the states by the Fourteenth Amendment.  The Supreme Court has held that "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful

---

[6] *See* http://www.tn.gov/correction/institutions/hccf.html ("[HCCF] is owned by the Hardeman County Correctional Facilities Corporation, which contracts with [CCA] for management of the institution.").

legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).[7] To have standing to pursue a First Amendment claim that he was denied access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)); *see also Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999) (same). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Here, Plaintiff complains that he did not have access to an attorney to help him with filing his complaint. However, Plaintiff timely filed his complaint. Use of an inmate legal advisor is an acceptable means for prison officials to ensure inmates' access to the courts. *See Smith v. Campbell,* 250 F.3d 1032, 1037 n.1 (6th Cir. 2001) (although prisoners do not have a right to act as inmate legal advisors, an inmate seeking to vindicate his First Amendment right of access to the courts may have a right to an inmate advisor if necessary to vindicate his right of access to the courts); *Thaddeus-X v. Blatter,* 175 F.3d 378, 395 (6th Cir. 1999) (" It is clear in this circuit that an inmate does not have an independent right to help other prisoners with their legal claims. Rather, a 'jailhouse lawyer's' right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts;

---

[7] There is no Sixth Amendment right to the assistance of counsel in civil cases. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("The appointment of counsel in a civil proceeding is not a constitutional right."); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . .").

prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court."); *Smith v. Baugh,* No. 3:05-0860, 2007 WL 3179315, at *4 (M.D. Tenn. Oct. 26, 2007) ("[A] prisoner has a derivative right under the First Amendment to assist other inmates if such assistance is necessary to vindicate the other inmates' right of access to the courts.").[8] The complaint does not allege that Plaintiff lacks access to the law library or is unable, with the assistance of an inmate advisor, to research his claims and draft pleadings.

Even if Plaintiff were to prevail in this action, the Court could not order that he be given sentence credit. When a prisoner seeks to challenge the validity or duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). The only potential relief available to Plaintiff is money damages.

Therefore, Plaintiff's complaint is DISMISSED for failure to state a claim on which relief may be granted, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an

---

[8] Plaintiff also complains that various persons at the HCCF have failed to assist him with notarizing his complaint. (ECF No. 1-1 at PageID 11.) However, while many complaints are notarized or executed under penalty of perjury pursuant to 28 U.S.C. § 1746, Federal Rule of Civil Procedure 11(a) requires only that pleadings be signed. Unless a party is submitting an actual affidavit, only certain filings, such as habeas petitions and motions to vacate sentence under 28 U.S.C. §§ 2254 and 2255, require such verification.

opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 511 F. App'x at 5; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

The Court cannot conclude that any amendment to Plaintiff's complaint arising from the treatment afforded him at the HCCF for his medical conditions would be futile as a matter of law. Therefore, leave to amend is GRANTED. Any amended complaint must be filed within twenty-eight days of the date of entry of this order.

Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleading. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Plaintiff may add additional defendants provided that the claims against the new parties arise from the acts and omissions in the original complaint. Each claim for relief must

be stated in a separate count and must identify each defendant sued in that count.  If Plaintiff fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE